Argued February 5, reversed and remanded March 11, 1964

# NOLEN et ux *v.* THE MARTIN BROS. CONTAINER & TIMBER PRODUCTS CORP.

390 P. 2d 175

*Edward M. Murphy,* Roseburg, argued the cause for appellant. With him on the brief were Stults, Jayne & Murphy, Roseburg.

*Clifford B. Olsen,* Portland, argued the cause for respondents. On the brief were Franklin, Olsen, Bennett & Des Brisay, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, O'CONNELL, GOODWIN and LUSK, Justices.

O'CONNELL, J.

Plaintiffs seek damages for injury to their house and contents from the surface or flood waters allegedly diverted upon their land by the conduct of defendant. Defendant appeals from a judgment entered on verdict for plaintiffs.

Plaintiffs allege that defendant filled in a slough which was a natural course for surface waters and for the overflow from defendant's mill pond on adjoining property. It is then alleged "That said slough emptied into the Calapooia Creek and that said mill pond overflow and said surface waters did not before the defendant's wrongful acts, flow in, around, upon, or through plaintiffs' land * * *." It is also alleged that defendant filled and built up a large area of bottom land east of plaintiffs' property. It is alleged that the acts of raising the elevation of the surrounding land and the changing of the natural water-course constitute a private nuisance.

The uncontradicted evidence established that plaintiffs' land and the surrounding area for a considerable distance was innundated by the flood waters of Calapooia Creek. As one of the plaintiffs described the condition, "It was all one big lake." On defendant's property the only visible landmark was the top of a pile of sawdust. The engineer in charge of the local office of the U. S. Geological Survey testified that the crest of the creek on the date of the damage was the highest recorded by that office.

Whether defendant's conduct in raising the elevation of the land adjoining plaintiffs' property was a substantial factor in causing the water damage is normally a question for the jury. But in the present case we are unable to find in the record any evidence

which supports the theory that defendant's conduct had any causal connection with the injury to plaintiffs' property. There is no evidence to show that surface or pond overflow waters normally moving toward the Calapooia Creek were diverted to the plaintiffs' land by the defendant's act of filling in the slough. On the contrary, it was shown that as a substitute for the slough defendant constructed an artificial water-course which provided a more efficient drainage device for such waters. Nor is there evidence tending to show that the raising of the elevation of the adjoining land caused the flood waters of the creek to be directed upon plaintiffs' land.

It is not important to inquire what effect defendant's conduct in filling in the slough or raising the elevation on the adjoining land would have had in diverting surface waters had there been no flood. The undisputed fact is that the countryside was flooded by the overflow waters from the Calapooia Creek and it is clear from the evidence that defendant's conduct had nothing to do with the movement of the overflow water from Calapooia Creek to plaintiffs' land.

There being no evidence to support the verdict, defendant's motion for a directed verdict should have been allowed.

Judgment is reversed and the cause is remanded with directions to enter judgment for the defendant.